In re BRUMELKAMP.

(District Court, N. D. New York. June 12, 1899.)

No. 1,126.

BANKRUPTCY—POWERS OF REFEREES—AMENDMENT OF PETITION.

It is within the jurisdiction and the discretion of a referee in bankruptcy to order amendments to be made in the petition and schedule of a voluntary bankrupt referred to him, in particulars as to which he finds them defective or insufficient, and to refuse to call a first meeting of creditors until such amendments be made.

In Bankruptcy. On review of an order of the referee in bankruptcy requiring the amendment of the petition and schedule of the bankrupt.

The order was as follows:

"An adjudication and order of reference having been certified herein to the referee, upon examination of the petition and schedules, I find them insufficient in the following particulars: 1. The verifications thereof being made before a notary public are defective in the statement of the venue, such statement not showing the verifications to have been made within the jurisdiction of the notary public taking the same. 2. The verifications of the schedules recite that the petitioner was 'duly sworn (or affirmed).' The form of verification should state definitely how the verification was made. 3. The three verifications are defective and unavailing because made before a notary public who is one of the attorneys for the bankrupt. 4. A number of the creditors are recited in the schedules as residing in large cities, as Boston and New York; no address being given by street and number or other such designation as would afford reasonable

·evidence that the notices to be mailed to such creditors would reach them, nor do the papers disclose facts showing a diligent effort to ascertain the definite post-office address to which notices should be sent, and a failure upon such reasonable effort to ascertain the same. While the statute requires the residences to be stated, I think in order to further insure the purpose of the statute, the papers should, in addition, state also the post-office address with reasonable certainty, or contain allegations showing facts upon which it may be concluded that after reasonable effort, such addresses cannot be ascertained. Ordered, that the application for an order appointing a first meeting of creditors be withheld, and that the petition be amended or a new one filed correcting the errors above indicated. Charles L. Stone, Referee in Bankruptcy."

Bankruptcy Rule No. xx. of the district court for the Northern district of New York provides that:

"When a petition referred to a referee is insufficient upon its face to confer jurisdiction, he shall return the same to the clerk with a statement of the defects noted thereon, and no further proceeding shall be had thereon until a new or amended petition remedying such defects is filed with the clerk. The referee may, upon his own motion, direct that the schedules be made more definite and certain by requiring the street and number to be given where a creditor resides in a city, and the referee may direct that the bankrupt furnish any other information regarding his property or his creditors which the referee may deem essential."

C. W. Smith, for bankrupt.

COXE, District Judge. The order made by the referee is one entirely within the scope of his authority pursuant to the provisions of the bankruptcy act and rule xx. of this court. Even though a motion to vacate or modify the referee's order were properly noticed before me I would not dictate to the referee as to matters so peculiarly within his province. The administration of the law will be fraught with endless vexations if the judge assumes to meddle with the referees as to matters within their discretion. The affidavit of Mr. Smith, one of the attorneys for the bankrupt, dated June 5, 1899, may induce the referee to modify the objection numbered 4 in his order of June 1st. In any view such applications should first be presented to the referee. The matter is referred to the referee to take such action thereon as he may deem advisable.